UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
                                                                          :

T.K.B. SHIPPING A/S,                 :

                  Plaintiff,    :

                                        :

              -against-          :          07 CIV 8001 (Judge Batts)

                                        :

JH SHIPPING CO. LTD.,            :

                                        :

                  Defendant.  :

                                          :
------------------------------------------------- x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER OF MARITIME ATTACHMENT OR TO REDUCE SECURITY**


JUNGE & MELE, LLP
*Attorneys for Plaintiff*
29 Broadway
New York, NY 10006
(212) 269-0061


*Of Counsel*,

Peter A. Junge
Armand P. Mele

**INTRODUCTION**

Plaintiff, T.K.B. SHIPPING A/S (hereafter "TKB"), respectfully submits the following memorandum of law in opposition to the motion of Defendant, JH SHIPPING CO. LTD. ("hereafter JH Shipping"), which seeks an order vacating the maritime attachment obtained by TKB pursuant to Supplemental Admiralty Rule B, Fed. R. Civ. P., or alternatively, reducing the amount of the security demanded. *See* Rules B and E (4) (f). Defendant's motion should be denied in all respects.

Defendant argues that because the Head Owner withdrew from service the vessel time-chartered by Plaintiff, and not Defendant, it is excused from performing the charter party based upon the doctrine of "frustration" of contract. This is simply incorrect, and Defendant does not cite a single case where "frustration" was found under such a circumstance. Additionally, Defendant's request to reduce security is legally insufficient and factually unsupported, and as such, should be denied in its entirety.

**STATEMENT OF FACTS**

On March 23, 2007, Plaintiff time-chartered the vessel *BENEFIT WISDOM* from Defendant, the vessel's disponent owner, under a New York Produce Exchange Form voyage charter ("NYPE Form") and a "fixture recap" message, for a period of time ending with re-delivery in the date range from October 1, 2007 to November 30, 2007, at Plaintiff's option. The charter party and the fixture recap message appear in the Verified Complaint in their entirety at Exhibit "1."

Plaintiff then employed the vessel in ocean commerce, and under the terms the time charter with the Defendant, paid all hire and charges due.  However, on September 11, 2007, the vessel was abruptly withdrawn from Plaintiff's service without just cause, presumably by Head Owner, Benefit Transport of Taiwan.  *See* Complaint at Exhibit "2."

## LEGAL ARGUMENT

### POINT I

**THE COMPLAINT STATES A *PRIMA FACIE* ADMIRALTY CLAIM SUFFICIENT TO SUPPORT A RULE B ATTACHMENT**

A party seeking a Rule B attachment has the burden to show that "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli v. Garnder Smith Pty Ltd.*, 460 F.3d 434 (2d. Cir. 2006), as cited in *Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd.* 485 F.Supp. 2d 399 (S.D.N.Y. 2007).

Defendant concedes all elements of a proper Rule B attachment, but for the assertion of a *prima facie* claim.  First, it should be emphasized that to determine whether a plaintiff makes out a *prima facie* admiralty claim, the court looks *only* to the complaint, and does not engage in a fact-intensive inquiry to determine the sufficiency of the claim. *Aqua Stoli v. Garnder Smith Pty Ltd.*, 460 F.3d 434 (2d. Cir. 2006); *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.,* 2007 WL 83180 (S.D.N.Y.); *Transportes Navieros y Terrestes, S.A. v. Fairmount Heavy Transport N.V.*, 2007 WL 1989309 (S.D.N.Y.).

Here, the Complaint alleges a simple breach of a maritime contract based upon the fact that the vessel, which the Defendant agreed to make available to Plaintiff, was removed from Plaintiff's service. It is not possible for Defendant to reasonably allege that the Complaint does fails to make out a *prima facie* admiralty claim for breach of a maritime contract under these circumstances.

Defendant argues that because it allegedly did not withdraw the vessel, it cannot be liable for breach of the charter party since there was a "frustration" which excused the parties from performing under the contract. Defendant is incorrect.

First, Defendant does not cite a single case where a court found a charter party frustrated because the head owner allegedly withdrew the vessel. Furthermore, commercial frustration of a maritime contract requires an unexpected contingency, no contractual allocation of risk, either express or implied, and commercial impracticability of performance. *Denali Seafoods, Inc. v. Western Pioneer, Inc*., 492 F.Supp. 580 (W.D. Washington 1980); *see also American Trading and Production Corporation v. Shell International Marine, Ltd.* (2d. Cir. 1972) ("Mere increase in cost alone is not a sufficient for non-performance"). Here, the charter party contained provisions which specifically stated what occurrences would excuse Defendant's performance, and withdrawal by the Head Owner is not cited as such an occurrence. *See* NYPE Form Charter Party at ¶¶ 15-16. Since the charter party clearly contemplated events which would excuse Defendant's performance due to temporary or permanent interruptions of service, and did not cite

withdrawal as such an interruption, the risk of such an occurrence was allocated to Defendant and cannot constitute a "frustration."

Furthermore, withdrawal of the vessel by the Head Owner was clearly a foreseeable event and so cannot be used to excuse Defendant's performance based upon the doctrine of frustration. *See Dongbu Express Co. Ltd. v. Navios Corporation*, 944 F.Supp. 235 (S.D.N.Y 1996) (time charterer who could not fulfill its obligations under sub-charter agreement due to vessel owner's premature termination of charter was entitled to attachment for indemnity against head owner). "Discharge under this doctrine has been limited to instances where a virtually *cataclysmic*, wholly unforeseeable event renders the contract valueless to one party." *United States v. Gen. Douglas MacArthur Sr. Vil. Inc.*, 508 F.2d 377, 381 (2d. Cir. 1974) (emphasis added). Defendant has not claimed that it made any effort to keep the vessel in service *vis a vis* the Head Owner. Defendant's remedy, if it is in need of one, is to seek indemnity up the charter party chain from its disponent owner. *Dongbu Express Co. Ltd. v. Navios Corporation*, 944 F.Supp. 235 (S.D.N.Y. 1996).

## POINT II

### PLAINTIFF'S DAMAGE CLAIM IS NEITHER INFLATED NOR OVER-SECURED

Defendant asserts two reasons why the court should reduce the security sought in the attachment. First, Defendant argues that Plaintiff is over-secured based upon security received from Head Owner following the vessel's arrest in Guyana during September

2007.  Second, Defendant argues, *without a shred of evidence*, that the damages alleged in the Complaint are inflated.  Both these arguments fail as a matter of law.

Plaintiff is entitled to security for its *prima facie* admiralty claim against this Defendant.  Whatever claim Plaintiff may have against Head Owner, which is not a party to this action, is independent of the governing NYPE charter party, and as such, both the nature of the claim and the quantum of damages are different.  This exact issue was addressed recently in the case of *Mardas Marmara Deniz Isletmeciligi A.S. v. Fast Shipping and Trading Co.*, 2007 WL 2229058 (S.D.N.Y.).

In *Mardas*, Judge Leisure held that a bank guarantee which secured plaintiff against a potential judgment from a Turkish court against a non-party, did not provide security in favor of the defendant in the subject Rule B attachment proceeding.  The court stated the following, "The Albaraka Turk guarantee expressly guarantees satisfaction only of a judgment of the Turkish court against Sipex (citation omitted).  There is no indication that Albaraka Turk undertakes to guarantee satisfaction of any judgment the arbitrators may render against Fast [the defendant] or that Fast was intended to benefit from the guarantee." *Id*. at *2.  Here, Defendant does not allege that the arrest of the vessel provided any security in its favor or that it was a third-party beneficiary of such arrest security.

Finally, Defendant's argument that the damages stated in the Complaint are excessive is not supported by *any* evidence.  In contrast, Plaintiff's damage claims are supported by a statement of loss.  *See* Complaint at Exhibit "3."  Moreover, at this stage

5

of the proceedings, Plaintiff simply does not have the obligation to prove its damages with exactitude. *Dongbu Express Co. Ltd. v. Navios Corporation*, 944 F.Supp. 235 (S.D.N.Y. 1996), citing *Bergesen v. Lindholm*, 760 F.Supp. 976, 986 (D.Conn. 1991). The court need only satisfy itself that the Plaintiff's claims are not frivolous, an allegation which even the Defendant here does not make. *Id*.

## CONCLUSION

Based upon the foregoing, Plaintiff clearly has stated a *prima facie* admiralty claim of breach of a maritime contract in the Verified Complaint sufficient to sustain a Rule B attachment. Further, Plaintiff's damage claims are also adequately pleaded, are not frivolous, and as such, should not result in reduced security.

It is therefore respectfully requested that the court deny Defendant's motion in its entirety, together with all such further and different relief which it deems just and proper. Dated in the City of New York on October 29, 2007

                                              Respectfully submitted,

                                              JUNGE & MELE, LLP
                                              *Attorneys for Plaintiff*

                                              /s/ Peter A. Junge
                          By: _____
                                              Peter A. Junge (PJ-0745)

*11727 MOL in Opposition.wpd*