William R. Bennett, III (WB 1383)
Bennett, Giuliano, McDonnell & Perrone, LLP
**Attorneys for Defendant**
**JH SHIPPING CO., LTD.**
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:   (646) 328-0120
Facsimile:    (646) 328-0121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
T.K.B. SHIPPING A/S                                            07 cv 8001 (DB)

           Plaintiff,

   - against –

JH SHIPPING CO. LTD.,

           Defendants.
------------------------------------------------------------X

### DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ORDER OF MARITIME ATTACHMENT OR TO REDUCE SECURITY

    Defendant JH Shipping Co., Ltd., respectfully submits this reply memorandum of law in further support of its motion to vacate or reduce the maritime attachment issued in this matter.

    Plaintiff argues that the maritime attachment should not be disturbed because (1) it has sufficiently alleged a *prima facie* admiralty claim, and (2) it is entitled to security from both the owner of the Vessel and JH Shipping. Plaintiff is wrong on both accounts.

    The Court of Appeals for the Second Circuit noted in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d at 445, that there are circumstances where the requirements of Rule B have been satisfied, but where vacatur of an attachment may nevertheless be justified. Specifically, the Court of Appeals indicated that vacatur is proper if "the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise." *Id.*

Here, T.K.B. is fully secured for its claim that its bunkers have been converted. T.K.B. is, in fact, fully secured by the party who converted the bunkers - the Vessel owner. JH Shipping did not convert the bunkers and no admiralty claim against JH Shipping for the conversion of the bunkers has been properly pled. The elements of a claim for conversion have not been pled against JH Shipping in the Complaint and there is no clause in the charter party cited by T.K.B. which would make JH Shipping liable to T.K.B. for the Vessel owner's alleged conversion of the bunkers.

In addition, there is no proof that T.K.B. would have been able to re-charter the Vessel for $11,000 more per day. The plaintiff relies merely on speculation and conjecture that it <u>could</u> have re-chartered the Vessel.

Supplemental Rule E(6) gives the admiralty court the power to reduce the attachment amount "for good cause shown." Fed.R.Civ.P. Supp. Rule E(6); *see Transportes Navieros y Terrestes v. Fairmount Heavy Transp. N.V.*, 07 CV 3076(LAP), 2007 U.S. Dist. LEXIS 50260 (S.D.N.Y. July 6, 2007). This does not require that the plaintiff prove its damages with "exactitude"; however "the court must be satisfied that the plaintiff's claims are not frivolous." *Dongbu Express Co. v. Navios Corp.*, 944 F.Supp. 235 1237 (S.D.N.Y. 1996).

Here, plaintiff fails to provide the Court with any *prima facie* proof that it suffered damages on account of the actions of JH Shipping. Accordingly, the maritime attachment should be vacated or reduced.

Dated: New York, New York
November 2, 2007

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant JH SHIPPING CO. LTD.

*[signature]*

William R. Bennett, III
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:    (646) 328-0120

Z:\Documents\All Files\D722 Benefit Wisdom\Pleadings\DefReplyMOL-1101077.doc

3